# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **FI DUONG** | : | |
| *Also Known As:* | : | |
| "JIM" | : | |
| "MONKEY" | : | |
| "MONKEY KING" | : | |
| | : | |
| | : | 18 U.S.C. § 1752(a)(1) and (2) |
| | : | **(Entering and Remaining on Restricted** |
| | : | **Building or Grounds)** |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(D) and (G) |
| | : | **(Disorderly Conduct on Capitol Grounds)** |
| | : | |
| | : | 18 U.S.C. § 1512(c)(2) |
| | : | **(Obstructing an Official Proceeding)** |

### MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Fi Duong:

    a. knowingly entered or remained in any restricted building or grounds without lawful authority to do; and knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions when he entered the United States Capitol on January 6, 2021 without legal authority in violation of 18 U.S.C. § 1752 (a)(1) and (2);

    b. participated in disorderly conduct in violation of 40 U.S.C. § 5104(e)(2)(D) and (G); and

    c. corruptly obstructed an official proceeding in violation of 18 U.S.C. § 1512(c)(2).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation. Additionally, the complaint references possible co-conspirators, who are uncharged at this time. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations such as what may exist on certain digital devices. Public disclosure could also lead to the notification of uncharged possible co-conspirators. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure

serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Date: June 30, 2021

Respectfully submitted,

CHANNING D. PHILLIPS
Acting U.S. Attorney
DC Bar No. 415793

By: */s/ Stuart D. Allen*
Stuart D. Allen
Assistant United States Attorney
DC Bar No. 1005102; NY Bar No. 4839932
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, DC   20530
202-252-7794
Stuart.Allen@usdoj.gov